Dear Mr. Bryant:
You advise this office that you employ an individual as a full-time firefighter for the City of Monroe who also holds full-time state employment as a cosmetology inspector for the Louisiana State Board of Cosmetology.
R.S. 42:63(E) of the Dual Officeholding and Dual Employment Laws prohibit one from holding two full-time employments[1], as the statute provides:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
Based on the facts related, the individual in question is in violation of the cited law. R.S. 42:65 provides for a remedy and a penalty for a violation of the dual officeholding laws and states:
 § 65. Civil remedy; penalty
 A. The attorney general, a district attorney, or any citizen of the state of Louisiana may by summary process petition for a declaratory judgment against a person alleged to be holding incompatible offices or employments or holding a combination of offices or employments prohibited in this Part. Venue for the suit for a declaratory judgment shall be at the domicile of the defendant who is employed or at the official domicile of any office held by the defendant. *Page 2 
 B. If the court declares that the person is holding offices or employments in violation of this Part, the court shall declare the office with the term first to expire or one of the employments vacant and shall enjoin the person from further carrying out the duties of that office or employment; however, a person holding an elective office shall continue to serve and perform the duties of that office until his successor has qualified.
 C. The court may order the reimbursement to the appropriate governmental body of all pay or other compensation and all allowances, including all allowances and payments for travel and other expenses which have been received by the official or employee in the position vacated as provided in Subsection B hereof, during a period of time not to exceed six months preceding the filing of suit for declaratory judgment. If, however, the person against whom a declaratory judgment is rendered has obtained an opinion of the attorney general issued prior to the filing of the suit for a declaratory judgment stating that the combination of offices or employments are not incompatible, and are not in violation of this Part, the court shall comply with Subsection B of this Section; however, the person against whom the declaratory judgment was rendered shall not be required to return any portion of the compensation or allowances received by him prior to date on which the declaratory judgment becomes final. Whenever any person requests an opinion of the attorney general concerning the offices or employments covered hereby, he shall at the same time provide the attorney general information describing each of the employments or offices concerning which he requests the opinion, the number of hours worked or normally expected to be worked by him per each day of work for each of such employments or offices, the number of hours worked by him per week for such employments or offices, and shall thereafter furnish any other information the attorney general deems necessary for the issuance of the opinion.
R.S. 42:65 provides for court enforcement of the prohibitions against dual-officeholding by the Attorney General, the district attorney, or a private citizen. As this matter is local in nature, we suggest you bring the situation to the attention of your city attorney or district attorney for enforcement. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] R.S. 42:62 defines full-time as follows:
"Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.